IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Garrick L. Wilson,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:02-cr-00146-TLW-1<br>C/A No. 4:16-cv-01298-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Garrick L. Wilson. For the reasons stated below, the petition is denied.

## I.    Factual and Procedural History

Petitioner was charged with and pled guilty to being a felon in possession of a firearm, and the Court sentenced him to 216 months incarceration. ECF No. 21.

At sentencing, Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] His Presentence Investigation Report (PSR) classified the following

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 3. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

convictions as ACCA predicate convictions:

    (1)    Distribution of Crack Cocaine (PSR ¶ 25)

    (2)    Possession of Crack Cocaine With Intent to Distribute (PSR ¶ 26)

    (3)    Failure to Stop for a Blue Light (FSBL) (PSR ¶ 29)

    (4)    Attempted Armed Robbery (PSR ¶ 30)

After judgment was entered, he filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Wilson*, 60 F. App'x 445 (4th Cir. 2003).

Petitioner filed a prior § 2255 petition, which the Court denied on the merits. No. 4:04-cv-00612-TLW, ECF Nos. 1, 10. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Wilson*, 112 F. App'x 314 (4th Cir. 2004).

On March 28, 2016, Petitioner filed in the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244 requesting permission to file a successive § 2255 petition. No. 16-271 (4th Cir.), ECF No. 2. The Fourth Circuit granted that motion on April 25, 2016, No. 16-271 (4th Cir), ECF No. 5, and his § 2255 petition was filed in this Court two days later, ECF No. 43.

In Petitioner's memorandum in support of his § 2255 petition, he says that in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015) and other cases, he no longer has the requisite number of ACCA predicate convictions and he is therefore entitled to a resentencing without the ACCA enhancement. ECF No. 43-1. The Government filed a motion for summary judgment, arguing that he remains an armed career criminal. ECF No. 48. He then filed a reply. ECF No. 49.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

The parties agree that Petitioner's FSBL conviction no longer counts as an ACCA predicate in light of *Johnson* and he does not challenge his drug convictions. *See* ECF Nos. 43-1 at 2, 47 at 1, 49 at 1. Thus, the only question is whether his conviction for attempted armed robbery remains an ACCA predicate. If so, he remains an armed career criminal. If not, he is entitled to resentencing without the

3

ACCA enhancement.

In *United States v. Doctor*, the Fourth Circuit concluded that a South Carolina conviction for strong arm robbery is a violent felony for ACCA purposes. 842 F.3d 306, 312 (4th Cir. 2016). Three months later, the Fourth Circuit concluded that, because strong arm robbery is a lesser-included offense of armed robbery, armed robbery is also an ACCA violent felony. *United States v. Weston*, 681 F. App'x 235, 237 (4th Cir. 2017). As to whether attempted armed robbery is an ACCA violent felony, the Fourth Circuit has not yet ruled on that question, but a district judge in this district has determined that it is a crime of violence under § 4B1.2 of the Sentencing Guidelines. *See Gadsen v. United States*, 229 F. Supp. 3d 427, 430 (D.S.C. 2017). It is well-settled that interpretations of § 4B1.2's definition of crime of violence apply equally to the ACCA's definition of violent felony. *See, e.g., United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010) ("The ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in § 4B1.2. *Compare* 18 U.S.C. § 924(e)(2)(B) (2006) *with* U.S.S.G. § 4B1.2. We have therefore held that precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2.").

Petitioner argues that "attempt" in South Carolina is categorically broader than generic attempt. *See* ECF No. 49 at 3. But while he cites some South Carolina law to explain how the state's courts define attempt, he does not explain how South Carolina's definition is categorically broader than the generic definition. *Compare State v. Reid*, 713 S.E.2d 274, 276 (S.C. 2011) ("To prove attempt, the State must

4

prove that the defendant had the specific intent to commit the underlying offense, along with some overt act, beyond mere preparation, in furtherance of the intent." (cleaned up)), *with United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017) ("Our precedent defines generic attempt as requiring (1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime . . . ."), *and United States v. Engle*, 676 F.3d 405, 423 (4th Cir. 2012) (defining a substantial step as "more than mere preparation but less than completion of the crime" (cleaned up)). South Carolina's definition of attempt tracks nearly word-for-word the generic definition of attempt, and the Court therefore concludes that South Carolina attempt is not categorically broader than generic attempt.

For these reasons, the Court concludes that South Carolina attempted armed robbery is an ACCA violent felony. Thus, Petitioner still has at least three ACCA predicate convictions and is not entitled to habeas relief.

## IV. Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 48, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 43, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a

showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

May 30, 2019
Columbia, South Carolina